### No. 604

### GEORGE v. JOHNSON CANDY Co.

Ohio Appeals, 9th District, Wayne County
No. 755. Decided May 23, 1923

This opinion has not been published except in Abstract.

SALES—Recovery for sale of "punch board assortments."

WASHBURN, J.:
Epitomized Opinion

The first cause of action was to recover for packages of candy sold and delivered. The second was for damages for failure of George to take and pay for candy boxes ordered by him. The defense was that the articles were part of gambling devices known as "punch board assortments," the sale of which is prohibited by law. The case was twice tried to a jury. At the first trial the court directed the jury to return a verdict for Candy Company. The Court of Appeals reversed this for error. The jury in the second trial denied relief on the first cause of action and allowed recovery on the second. The court, in reversing the judgment, held:

1. Both transactions related to a gambling device—one for the selling price and the other for damages for breach of contract to purchase. The jury should have denied recovery on both causes of action. The finding is against the weight of evidence.

Attorneys—C. W. Horn and Weygandt & Ross, for George; Critchfield & Etling, for Candy Company.

---

### No. 605

### MURRAY v. YOUNG

Ohio Appeals, Eighth District, Cuyahoga County
No. 4412. Decided June 11, 1923

This opinion has not been published except in Abstract.

EVIDENCE—Admission of parole agreement not included in written contract.

Vickery and Levine, JJ. (Sullivan not sitting)

PER CURIAM.
Epitomized Opinion

Murray, who was interested in refinancing and reorganizing North Electric Manufacturing Company, induced Young to advance $2,000 to be used in connection with expenses of reorganization, and by a contract in writing, Murray agreed to give Young therefor one-half of any consideration received by Murray from the reorganization. The parties orally agreed that Murray should pay back the $2,000 to Young if Murray did not reorganize the company. Murray did not do this and Young brought an action in the Cleveland Municipal Court to recover the money. Judge Sawicki admitted in evidence the parole agreement and judgment was rendered for Young. Admission of parole agreement in evidence was assigned as error. The Court of Appeals, in affirming the judgment, held:

1. When a written contract is silent as to a possible contingency, a parole agreement covering this is admissible in evidence, since it neither varies, changes or contradicts the written contract.

Attorneys—F. S. Day, for Murray; I. R. Morris, for Young.

---

### No. 606

### DAMON v. MEDINA

Ohio Appeals, 9th District, Medina County
No. 29. Decided May 23, 1923

This opinion has not been published except in Abstract.

INJUNCTION—Right against village for pollution of stream with sewage.

PER CURIAM.
Epitomized Opinion

In 1907 Medina Village installed a sewage disposal plant which discharged into a creek that ran through plaintiff's farm. In 1912 plaintiff sued village for damages resulting from pollution of the stream. In 1913 the party settled the case by an agreement which was incorporated into the record. The village agreed to restore the plant to a sanitary condition by providing improvements recommended by the State Board of Health, before December 31, 1913. It was agreed the court should render judgment against the village in favor of plaintiff for $500, which was to be in full of all damages until the plant was repaired. But if the village failed to repair and maintain the plant in a sanitary condition, it was provided that the judgment would be no bar to a future action for damages. State Board of Health made no recommendation for the improvement of the plant until the bringing of present suit in 1916, for damages accruing since 1913, and injunction prohibiting the operation of plant. In 1917 and 1918 the Board of Health made recommendations which were partially followed. The Court of Appeals held:

1. The village has not put the plant in as good sanitary condition as it is reasonably able to do. Plaintiff is therefore entitled to damages of $350.

2. The village need not maintain plant to prevent all pollution, but must put it in reasonably good sanitary condition under the direction of State Health Board.

3. Plaintiff is not entitled to an injunction prohibiting operation of plant.

PARDEE, J, in dissenting, held:
1. A larger judgment should be rendered plaintiff as damages.

2. The injunction prohibiting operation of plant should be granted.

3. This court should retain the jurisdiction to carry out the agreement between plaintiff and village.

Attorneys—F. Heath and F. Spellman, for Damon; A. Van Epp, for Medina.